UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARIA R. DeANGELIS,

                                  **MEMORANDUM AND ORDER**
          Plaintiff,                        06-CV-1967 (NGG)

    v.

AMERICAN AIRLINES, INC., and
ONE SOURCE HOLDINGS, INC.

          Defendants.
-----------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

      Plaintiff Maria R. DeAngelis ("DeAngelis" or "Plaintiff") brings this action asserting negligence claims against American Airlines, Inc. and One Source Holdings, Inc. stemming from alleged personal injuries she sustained in a slip-and-fall accident that occurred at Building #56, located at the American Airlines terminal at John F. Kennedy International Airport in Queens, New York. The case is currently before the court on Defendants' Motions for Summary Judgment. (Docket Entry # 22.) In support of her opposition, Plaintiff submitted a sixteen-page Memorandum of Law. (Docket Entry # 25.) This Memorandum and Order, as detailed below, *sua sponte* grants Plaintiff sixty-days' leave to correct infirmities in her filings in opposition to Defendants' motions for summary judgment.

    **I.**    **Discussion**

      At the summary judgment stage, where, as here, the nonmovant bears the burden of proof at trial, "(1) the movant may point to evidence that negates its opponent's claims or (2) the movant may identify those portions of its opponent's evidence that demonstrate the absence of a

1

genuine issue of material fact, a tactic that requires identifying evidentiary insufficiency and not simply denying the opponent's pleadings." Salahuddin v. Goord, 467 F.3d 263, 272-73 (2d Cir. 2006) (citations omitted). If the movant makes either showing, "the burden shifts to the nonmovant to point to record evidence creating a genuine issue of material fact," id. at 273 (citing Fed. R. Civ. P. 56(e)), and the nonmovant "cannot rest on allegations in the pleadings and must point to specific evidence in the record to carry its burden on summary judgment," id. (citations omitted). The evidence offered in opposition to summary judgment must be admissible in the event that a trial occurs. See Woodman v. WWOR-TV, Inc., 411 F.3d 69, 90 (2d Cir. 2005) (affirming the district court's award of summary judgment in favor of defendants "[b]ecause plaintiff failed to adduce admissible evidence raising a triable issue of fact").

In addition to these general rules with regard to summary judgment, Eastern District of New York Local Rule 56.1(b) requires that:

> The papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried.

Furthermore, Local Rule 56.1(d) states that:

> Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

In this case, Defendants have submitted evidence purporting to negate Plaintiff's claims and purporting to identify "evidentiary insufficiency" in Plaintiff's case; thus, Defendants have carried their initial burden as movants. Salahuddin, 467 F.3d at 272-73. As is clear from the

2

record, however, Plaintiff has failed to submit a statement pursuant to Local Rules 56.1(b) and (d). Rather than proceed without Plaintiff's Rule 56.1 statement, the court will allow her an opportunity to remedy the shortcomings of her filings under the Rules cited above. The court's decision to do so should not be construed as expressing an opinion on the merits of Plaintiff's claims.[1]

## II. Conclusion

Accordingly, the court grants Plaintiff sixty (60) days to resubmit in proper form under Fed. R. Civ. P. 56(e) and Local Rule 56.1(b) and (d), her opposition to Defendants' motions for summary judgment. Consideration of Defendants' motions for summary judgment is hereby stayed until such time as Plaintiff resubmits her papers or sixty days has elapsed, whichever comes first. Failure to do so will result in the court deciding Defendants' motions without the benefit of a response from Plaintiff.

SO ORDERED.

Date: March 31, 2008    /s Nicholas G. Garaufis
Brooklyn, New York    NICHOLAS G. GARAUFIS
United States District Judge

---

[1] Furthermore, Plaintiff's failure to submit a Rule 56.1 statement furthermore does not speak to whether Defendants have met their burden on summary judgment. As the Second Circuit Court of Appeals held in Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 74 (2d Cir. 2001), Local Rule 56.1 "does not absolve the party seeking summary judgment of the burden of showing that it is entitled to judgment as a matter of law . . ."