D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MARIA T. DeANGELIS

                            **MEMORANDUM & ORDER**

                            06-CV-1967 (NGG)

Plaintiff,

-against-

AMERICAN AIRLINES, INC. and
ONESOURCE HOLDINGS, INC.,

Defendants.
-----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Maria T. DeAngelis ("Plaintiff" or "DeAngelis") brings this diversity action against Defendants American Airlines, Inc. ("American Airlines") and OneSource Holdings, Inc. ("OneSource") alleging claims for personal injuries she sustained in a slip-and-fall accident at the American Airlines terminal at John F. Kennedy International Airport. This sua sponte Memorandum & Order directs the parties to file supplemental briefing addressing whether the court has subject matter jurisdiction over this action.

I.    **PROCEDURAL HISTORY**

Plaintiff filed her Complaint on March 31, 2006. (See Compl. (Docket Entry # 1).) Defendants moved for summary judgment under Federal Rule of Civil Procedure 56 on September 13, 2007. (See Motion for Summary Judgment (Docket Entry # 22).) Plaintiff's Opposition to Defendants' Motion did not, however, include a Statement of Material Facts as required by Local Rule 56.1(b). On March 31, 2008, this court, sua sponte, granted Plaintiff sixty-days' leave to submit a Local Rule 56.1 statement and resubmit her opposition to

1

Defendants' Motion in conformity with this court's local rules. (Memorandum & Order (Docket Entry # 29).) Plaintiff complied and submitted a Statement of Materials Facts on June 2, 2008. (See Plaintiff's 56.1 Statement (Docket Entry # 30).) Before the court is Defendants' motion for summary judgment.

## II. DISCUSSION

Plaintiff asserts that this court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. But conflicting statements in the record raise questions about whether there is complete diversity among the parties.

### A. Diversity Jurisdiction

A plaintiff invoking jurisdiction under 28 U.S.C. § 1332 must demonstrate that the grounds for diversity exist and that diversity is complete. Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 322-23 (2d Cir. 2001). "[F]ailure of subject matter jurisdiction is not waiveable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000).

Diversity jurisdiction requires complete diversity. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). The plaintiff's citizenship must be different from the citizenship of each defendant. Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009); 28 U.S.C. § 1332(a)(1). "A person is deemed a citizen of the state wherein he or she is domiciled," Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000), at the time that the complaint is filed, LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001). And "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

2

B.  **Citizenship of the Parties**

Plaintiff appears to be a New York domiciliary. Although Plaintiff's Complaint does not allege her citizenship, she testified at her deposition that she lives in New York State. (See Motola Decl. (Docket Entry # 22), Ex. E at 5.)

The record does not suggest that American Airlines maintains its principal place of business or is incorporated in New York.[1] But the record does suggest that OneSource may be a New York corporation, which would preclude complete diversity.

In its answer, OneSource denies that it is a New York corporation. (OneSource Answer (Docket Entry # 3) ¶ 6.) OneSource does not indicate in which state it is incorporated, but claims to be a foreign corporation authorized to do business in New York state. (Id. at ¶¶ 4, 6; Compl. ¶ 15.) OneSource also admits that its principal office is in Georgia. (OneSource Answer ¶ 3.)

OneSource's attorney states that OneSource Holdings, Inc.—the named defendant in this case—entered into a service agreement with American Airlines. (See Motola Decl. ¶¶ 3, 11.) However, that service agreement states otherwise, namely that American Airlines contracted with OneSource Facility Services Inc., which is not a defendant in this case. (See Motola Decl., Ex. J, at 1.) According to the agreement, OneSource Facility Services Inc. is a New York corporation, which maintains its principal place of business in Georgia. (Id.)

It appears that OneSource Holdings, Inc. is the wrong defendant and that OneSource Facility Services Inc., a New York corporation, is the proper defendant. Accordingly, it is

---

[1] While American Airlines's submissions do not appear to indicate that American Airlines is a New York corporation, they are also inconsistent. In its Answer, American Airlines states that it is a corporation organized under the laws of Texas. (American Airlines Answer ¶ 2 (Docket Entry # 8).) American Airlines also denies Plaintiff's allegation that its principal office is in Texas. (Compare Compl. ¶ 3, with American Airlines Answer ¶ 2.) But a service agreement that American Airlines entered into with OneSource Facility Services Inc. states that American Airlines is a Delaware corporation, which maintains its principal place of business in Texas. (See Motola Decl., Ex. J, at 1.)

3

necessary to ascertain whether there is a sufficient basis to conclude that this court has diversity jurisdiction over this action.

## III. CONCLUSION

The court ORDERS the parties to submit supplemental briefing addressing whether the court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. Plaintiff shall submit her papers by November 20, 2009. Defendants shall submit a response, if any, no later than November 27, 2009.

SO ORDERED.

Dated: Brooklyn, New York
      November 6, 2009

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge