UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARIA T. DeANGELIS

                                  **ORDER TO SHOW CAUSE**

                                  06-CV-1967 (NGG)

                Plaintiff,

    -against-

AMERICAN AIRLINES, INC. and
ONESOURCE HOLDINGS, INC.,

                Defendants.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Maria T. DeAngelis ("Plaintiff" or "DeAngelis") brings this personal injury action against Defendants American Airlines, Inc. ("American Airlines") and OneSource Holdings, Inc. ("OneSource") for damages arising from a slip-and-fall accident in the American Airlines terminal at John F. Kennedy International Airport. (See Compl. (Docket Entry #1).) Defendants, both of whom are represented by the law firm Lester Schwab Katz & Dwyer, LLP ("Lester Schwab"), jointly move for summary judgment under Federal Rule of Civil Procedure 56. As set forth below, it appears that Lester Schwab's joint legal representation of Defendants presents a serious conflict of interest. The court defers consideration of Defendants' motion for summary judgment pending resolution of the apparent conflict.

**I.    JURISDICTION**

Plaintiff's Complaint alleges that this court has jurisdiction under 28 U.S.C. § 1332. She alleges that the parties are citizens of different states and the amount in controversy exceeds $75,000. (Compl. ¶ 1.) On November 6, 2009, the court issued a Memorandum and Order (Docket Entry # 31) identifying conflicting statements in the record regarding whether

1

OneSource Holdings or OneSource Facility Services is the proper Defendant and regarding OneSource Holdings' state of incorporation. The court ordered the parties to submit supplemental briefing on subject matter jurisdiction.

By letter dated March 17, 2010, Defendants clarified that OneSource Holdings – and not OneSource Facility Services – is the proper defendant in this action. ("Letter" (Docket Entry # 32).) OneSource has admitted that its principal office is in Georgia. (See OneSource Answer (Docket Entry # 3) ¶ 3.) In the Letter, Defendants' attorney represents that OneSource Holdings is incorporated in Delaware. (See Letter 2.) In light of these admissions, the court is satisfied that the diversity requirements of 28 U.S.C. § 1332(a)(1) are met.[1]

## II.   CONFLICT OF INTEREST

### A. Background

Plaintiff alleges that she was injured after slipping and falling at a terminal possessed and operated by American Airlines. She further alleges that American Airlines had a duty to maintain the terminal. (Compl. ¶ 7-13.) Plaintiff makes substantially the same allegations against OneSource, a cleaning company that American Airlines hired to maintain the terminal. (Id. ¶ 18-24; Def. 56.1 Statement (Docket Entry # 24).) Plaintiff alleges that both Defendants were negligent in failing to address an accumulation of water on the staircase on which she slipped and fell. (Id. 25-28.)

On April 16, 2006, OneSource filed an answer in which it raised several defenses. (OneSource Answer.) OneSource was, and continues to be, represented by Lester Schwab. In its answer, OneSource alleged, inter alia, that "other parties, whether named or unnamed in plaintiff's Complaint, and whether known or presently unknown to defendant, were negligent or

---

[1] The court notes, however, that Defendants have submitted documentary evidence relating to the corporate citizenship of OneSource Facilities, Inc., but not OneSource Holdings, Inc.

2

legally responsible or otherwise at fault for the damages alleged." (OneSource Answer ¶ 8.) OneSource did not assert any cross-claims against American Airlines.

On June 9, 2006, American Airlines filed its answer. (American Airlines Answer (Docket Entry # 8).) At the time, American Airlines was represented by the law firm Gallagher Gosseen Faller & Crowley ("Gallagher Goseen"). In addition to raising several defenses in its answer, some of which are substantially similar to those asserted by OneSource, American Airlines asserted two cross-claims against OneSource: (1) seeking contribution and alleging that Plaintiff's injury was "caused by the negligence or culpable conduct" of OneSource, and (2) "on the basis of common law and/or contractual indemnification." (American Airlines Answer at 5.) OneSource has not responded to American Airline's cross-claims.

On January 19, 2007, American Airlines sought permission to substitute Lester Schwab – which was already representing OneSource – for Gallagher Gosseen. (Docket Entry # 13.) Michael J. Crowley, a member of Gallagher Gosseen, submitted a sworn affidavit regarding the proposed substitution. (Id.) Crowley asserted that, pursuant to a contract between the Defendants, "American has tendered the defense of this matter to Onesource and Onesource has agreed to accept that tender." (Id.) Plaintiff did not object to the proposed substitution. Then-Magistrate Judge Kiyo A. Matsumoto "so-ordered" the substitution. (Docket Entry dated January 23, 2007.)

On September 13, 2007, Defendants, now jointly represented by Lester Schwab, filed a single motion for summary judgment. (See "Motion" (Docket Entry # 22).) The Motion raises defenses that, if successful, would benefit both Defendants, and other defenses that would benefit one Defendant at the other's expense. For example, Defendants argue that any liquid present on the staircase was not "visible and apparent" such that it could not have reasonably been

addressed. (See Def. Mem (Docket Entry # 25) 22-23.) Defendants argue that OneSource, unlike American Airlines, did not owe Plaintiff a duty of care. (Id. at 9-17.) Defendants also assert, inter alia, that "there is no evidence to establish that OneSource displaced American Airlines' duties and responsibilities to maintain the premises. (Id. at 17.)

### B. Discussion

A federal district court has a duty to supervise members of the Bar and to assure the fairness of the proceedings over which it presides. Dunton v. County of Suffolk, 729 F.2d 903, 908 (2d Cir. 1984). As part of that duty, the court must assess whether attorneys appearing before it are conflicted and, if so, ensure that clients fully appreciate the nature of the conflict and the potential threat to the protection of their interests. Id. Where a conflict is sufficiently serious, the court may also disqualify attorneys from proceeding with a particular representation. Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) ("The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process.")

Courts assessing the necessity of disqualification "balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." Id. While "not every violation of a disciplinary rule will necessarily lead to disqualification," applicable rules of professional conduct are helpful in determining the need for disqualification. Id.

The New York Lawyer's Code of Professional Responsibility ("Code of Professional Responsibility") was in effect when Lester Schwab began representing American Airlines in addition to OneSource. Under the Code of Professional Responsibility, representation of multiple clients was prohibited where "the exercise of independent professional judgment in behalf of a client will be or is likely to be adversely affected" unless "a disinterested lawyer

4

would believe that the lawyer can competently represent the interest of each [client] and if each consents to the representation after full disclosure of the implications and risks involved." D.R. 5-103.  In other words, if the disinterested lawyer standard was satisfied and both clients gave their informed consent, such representation was allowed.

On April 1, 2009, the Code of Professional Responsibility was superseded by the New York Rules of Professional Conduct ("Rules of Professional Conduct").  See 22 N.Y. Comp. Codes R. & Regs. tit. 22, § 603.2.  The Rules of Professional Conduct apply a different standard to conflicts of interest.  Rule 1.7 prohibits counsel from representing a client where a "reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests."  Rule 1.7(a).  Representation is still be permissible, however, if certain requirements are satisfied.  See Rule 1.7(b).  One of these requirements is that "the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal."  Rule 1.7(b)(3).[2]  Accordingly, where parties with differing interests assert claims against each other before the same tribunal, joint representation is not permitted, regardless of consent.

The violation of a disciplinary rule does not necessarily result in disqualification.  The Second Circuit has held, however, that "it is prima facie improper for an attorney to simultaneously represent a client and another party with interests directly adverse to that client." Hempstead, 409 F.3d at 133.  The presumption against such representation may only be rebutted if the attorney can show that "there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation."  Id.  Disqualification is appropriate, however,

---

[2] The lawyer must also reasonably believe that he or she will be able to provide competent and diligent representation to each affected client and each affected client must give informed consent, confirmed in writing. Rule 1.7(b)(1),(4).

where a conflict threatens to "disturb the balance of the presentations" made to the court.  Board of Education v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979).

Defendants in this case have starkly divergent interests.  If both Defendants are found liable, damages will be apportioned between them.  Inversely, if only one Defendant is found liable, that Defendant will be responsible for the full amount of damages.  Defendants have countervailing interests in defining their respective duties of care, notice, and breach because each Defendant would benefit from shifting liability to the other.  The adversity of their interests is most clearly evidenced by American Airlines' two pending cross-claims against OneSource.  On the record currently before the court, Lester Schwab appears to be in violation of Rule 1.7 of the New York Rules of Professional Conduct.  Given the inevitability of conflicting loyalties and their likely impact on presentations made to the court, disqualification also appears necessary.

### III. CONCLUSION

Because there appears to be a fundamental conflict of interest, the court defers consideration of Defendants' motion for summary judgment.  The court directs Lester Schwab to show cause why it should not be disqualified from representing one or both Defendants.  The court shall hold a status conference on a date to be determined.

SO ORDERED.

/s/ Nicholas G. Garaufis
Dated: Brooklyn, New York  NICHOLAS G. GARAUFIS
       March 26, 2010  United States District Judge